IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                 No. CR 09-2780 JB

EUGENE CAMPBELL, III,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Defendant's Objections to Presentence Report, filed December 28, 2009 (Doc. 18). The Court held a sentencing hearing on December 30, 2009. The primary issues are: (I) whether the obstruction adjustment in the Presentence Report ("PSR") requires a 2-level or a 3-level enhancement; (ii) whether the obstruction adjustment pursuant to U.S.S.G. § 3C1.3 in the Presentence Report ("PSR"), which requires a 3-level enhancement to Defendant Eugene Campbell's offense level, is warranted; and (iii) objections to miscellaneous paragraphs in the PSR with erroneous information. On December 29, 2009, the Probation Office issued an Addendum to the Presentence Report, which addressed Campbell's objections. The December 29, 2009 Addendum reflects the changes requested by Campbell's first and third objections, and therefore the Court overrules those objections as moot.

      Campbell's remaining objection is to the obstruction and related adjustment, pursuant to U.S.S.G. § 3C1.3,[1] which applies a 3-level enhancement to his criminal-offense level. Campbell

---

[1] U.S.S.G. § 3C1.3, formerly U.S.S.G. § 2J1.7, states: "If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels."

argues that the language of paragraph 19a of the Plea Agreement forgoes the application of § 3147.[2] According to the PSR, Campbell committed an offense -- escape, charged under 18 U.S.C. § 751(a) -- while on pretrial release for a bank robbery offense. Based on this offense, committed while Campbell was on pretrial release, the sentencing guidelines direct an increase pursuant to U.S.S.G. § 3C1.3. In preparing the December 29, 2009 Addendum to the PSR, the Probation Office consulted with the United States Sentencing Commission, who instructed the Probation Office that the 3-level enhancement is required because Campbell committed a new offense while under release.

The Commentary to U.S.S.G. § 3C1.3 instructs: "An enhancement under 18 U.S.C. § 3147 applies, after appropriate sentencing notice, when a defendant is sentenced for an offense committed while released in connection with another federal offense." The United States Court of Appeals for the Tenth Circuit has addressed whether § 3147 is an offense-defining or a sentencing enhancement provision. The Tenth Circuit held, in United States v. Browning, 61 F.3d 752 (10th Cir. 1995), that "§ 3147 is strictly a sentencing enhancement provision" and not an offense. 61 F.3d at 756. The Tenth Circuit adopted the United States Court of Appeals for the Third Circuit's conclusion in United States v. Di Pasquale, 864 F.2d 271 (3d Cir. 1988), stating:

> In reaching our conclusion that [§] 3147 was intended only to enhance the punishments for other offenses, we are guided both by the plain language of the statute, which speaks clearly in terms of enhanced penalty -- "[a] person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense" 18 U.S.C. [§] 3147 -- and by the legislative history of the provision, which reflects Congress's intent that the potential for enhanced punishment serve as a deterrent to the commission of crimes during bail release. The Senate Report of this provision noted that [§] 3147 is designed to deter those who would pose a risk to community safety by committing another

---

[2] Paragraph 19a of the Plea Agreement states: "The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment." Plea Agreement ¶ 19a, at 6 (executed October 8, 2009), filed October 8, 2009 (Doc. 15).

>offense when released under the provision of this title and to punish those who indeed are convicted of another offense . . . .  Accordingly, this section prescribes a penalty in addition to any sentence ordered for the offense for which the defendant was on release.  This additional penalty is a term of imprisonment of at least two years and not more than ten if the offense committed while on release is a felony. See S. Rep. No. 225, 98th Cong., 2d Sess., reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3217.  This passage refers to penalty only and to the fact that that penalty is "additional" to the sentence imposed for the substantive offense for which the defendant has been convicted.  It gives no indication that Congress intended to create a separate criminal offense by its enactment of [§] 3147.

United States v. Browning, 61 F.3d at 756 (quoting United States v. Di Pasquale, 864 F.2d at 279-80).  The Tenth Circuit, therefore, regards § 3147 as a "self-executing and mandatory provision of law, addressed by Congress to sentencing courts."  61 F.3d at 756-57 (quoting United States v. Feldhacker, 849 F.2d 293, 298-99 (8th Cir. 1988)).

In United States v. Browning, the Tenth Circuit affirmed the district court's imposition of a 3-level enhancement in the defendant's offense level for a conspiracy charge he committed while on release on another federal charge.  The defendant challenged the enhancement because the government did not give notice that it intended to ask for an enhanced sentence.  The Tenth Circuit noted that it was undisputed that the only notice the defendant received of the possibility of a § 3147 penalty was through the PSR and that thus he only had the opportunity to object before sentencing. See 61 F.3d at 756.  The Tenth Circuit found that the defendant "was notified of the possibility of the enhancement prior to sentencing and thus, had the opportunity to, and in fact did, object to it at his sentencing hearing."  61 F.3d at 757.  The Tenth Circuit held that notice via the PSR was sufficient.

This case is similar to the situation in United States v. Browning.  Campbell was charged with escape while on release on another federal charge of bank robbery.  The PSR calculated his criminal offense level to include a 3-level enhancement, pursuant to U.S.S.G. § 3C1.3.  In accordance with Tenth Circuit law that such an enhancement is self-executing and mandatory when  a defendant is

sentenced for an offense committed while on release from another federal offense, the Court finds that application of USSG § 3C1.3's 3-level enhancement is the appropriate response to Campbell's escape conviction during release. The Court also notes that Campbell received notice of the possibility of the § 3147 enhancement through the PSR, which the Tenth Circuit has found to be sufficient notice. The Court, therefore, overrules Campbell's objection to the obstruction adjustment in the PSR.

  **IT IS ORDERED** that the Defendant's Objections to Presentence Report are overruled.

                  _____
                  UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
 United States Attorney
Rumaldo Armijo
 Assistant United States Attorney
Albuquerque, New Mexico

  *Attorneys for the Plaintiff*

Kari Converse
 Assistant Federal Public Defender
Albuquerque, New Mexico

  *Attorney for the Defendant*