AO 245B (Rev 12/03) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Eugene Campbell III** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:09CR00166-001JB and 1:09CR02780-001JB**<br>USM Number: **48154-051**<br>Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment 1:09CR00166-001JB and Indictment 1:09CR02780-001JB**

☐ pleaded nolo contendere to count(s)

☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. Sec. 2113(a), | Bank Robbery Indictment 1:09CR00166-001JB, | 01/09/2009, | |
| 18 U.S.C. Sec. 751(a) | Escape, Indictment 1:09CR02780-001JB | 08/01/2009 | |

The defendant is sentenced as specified in pages 2 through **5** of this judgment. The sentence is imposed under the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .

☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| **Bernalillo** | **December 30, 2009** |
| County of Residence | Date of Imposition of Judgment |
| | |
| | **/s/ James O. Browning** |
| | Signature of Judge |
| | |
| | **Honorable James O. Browning**<br>**United States District Judge** |
| | Name and Title of Judge |
| | |
| | **February 26, 2010** |
| | Date Signed |

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment                                                                    Judgment - Page 2 of 5

Defendant: **Eugene Campbell III**
Case Number: **1:09CR00166-001JB and 1:09CR02780-001JB**

# IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **51 months**.

**A term of 51 months is imposed as to each Indictment 1:09CR00166-001JB and Indictment 1:09CR02780-001JB; said terms shall run concurrently for a total term of 51 months.**

**Defendant Eugene Campbell`s offense level is 26 and his criminal history is category II. As to Indictment CR 09-166 JB, the guideline sentencing range is 70 to 87 months. As to Indictment CR 09-2780 JB, the guideline sentencing range is 60 months. The Court notes that the defendant robbed the Century Bank located at St. Michael`s Drive in Santa Fe, New Mexico, and that the defendant later knowingly escaped from custody while at the La Pasada halfway house in Albuquerque, New Mexico, the facility in which he was lawfully confined by the United States District Court for the District of New Mexico after his arrest for bank robbery. His escape constitutes a felony offense under 18 U.S.C. § 2113A. The Court has carefully considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court has also taken into consideration other sentencing goals. Specifically, the Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7). The Court believes, after careful consideration of the circumstances in this case, that the punishment that is set forth in the advisory guideline range for both offenses is not appropriate.**

**The Court has considered the kinds of sentences established by the guidelines, and the Court believes that a sentence of 51 months is adequate to reflect the seriousness of both of these offenses. The Court also believes that this sentence is a sufficiently serious sentence to promote respect for the law, both by Campbell, and also the public, and anyone else that might look at committing these crimes. The Court believes this sentence provides a more just punishment given the circumstances, which the Court views as unique, than would a guideline sentence. The Court agrees with the United States that bank robbery and escape are serious crimes, and the Court believes that it is giving an equally serious sentence. Campbell created dangerous situations both in committing the bank robbery and also the escape. But the Court is also aware of the positive progress Campbell had made at the halfway house before he left to attend to his family in Seattle, Washington. The Court has also considered that Campbell turned himself in as soon as he had provided for his family. The Court believes its sentence of what amounts to an additional ten months over what would have been his sentence had he not disappeared appropriately punishes Campbell for unlawfully leaving the halfway house.**

**The Court believes this sentence affords adequate deterrence both to Campbell specifically and to the population generally, and that the sentence adequately protects the public. The Court`s task is not to come up with a reasonable sentence, but to come up with one that reflects the factors set forth in 18 U.S.C. § 3553(a), but the Court believes that this more reasonable sentence adequately reflects the factors in 18 U.S.C. § 3553(a), and is sufficient without being greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.**

☒     The court makes these recommendations to the Bureau of Prisons:

      **The Court first recommends FCI SeaTac, WA and secondarily recommends FCI Sheridan, OR, if eligible.**
      **The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant must surrender to the United States Marshal for this district:
      ☐    at  on
      ☐    as notified by the United States Marshal.
☐     The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
      ☐    before 2 p.m. on
      ☐    as notified by the United States Marshal
      ☐    as notified by the Probation or Pretrial Service Office.

**RETURN**

I have executed this judgment by:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL


_____
Deputy United States Marshal

Defendant: **Eugene Campbell III**
Case Number: **1:09CR00166-001JB and 1:09CR02780-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

**A term of 3 years is imposed as to each Indictment 1:09CR00166-001JB and Indictment 1:09CR02780-001JB; said terms shall run concurrently for a total term of 3 years.**
The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

| | |
|---|---|
| ☐ | The above drug testing condition is suspended based on the courts determination that the defendant possesses a low risk of future substance abuse. (Check, if applicable.) |
| ☒ | The defendant shall not possess a firearm, ammunition, destructive device, or any dangerous weapon. (Check, if applicable). |
| ☒ | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable). |
| ☐ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable) |
| ☐ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable) |

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program throughout the term of supervised release as directed by the probation officer;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

AO 245B (Rev. 12/03) Sheet 3                                    Judgment - Page 5 of 5

Defendant: **Eugene Campbell III**
Case Number: **1:09CR00166-001JB and 1:09CR02780-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol, illegal drugs, or other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

AO 245B (Rev.12/03) Sheet 5, Part A - Criminal Monetary Penalties

Judgment - Page 6 of 5

Defendant: **Eugene Campbell III**
Case Number: **1:09CR00166-001JB and 1:09CR02780-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐          The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | **$200.00** | **$0.00** | **$98.00** |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A          ☐     In full immediately; or

B          ☒     $  immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Pursuant to the Mandatory Victim Restitution Act of 1996, in Case No. 1:09CR00166-001JB, it is ordered the Defendant make restitution to Century Bank, 1790 St. Michael`s Drive, Santa Fe, New Mexico 87505, in the amount of $98. The Defendant will make payments of not less than $25 per month.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.